UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CROMER, | 1:15-cv-01810-EPG (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE (ECF NO. 7) |
| v. | |
| VICTOR CARREBELLO, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 8) |
| Defendants. | |
| | ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 8) |
| | ORDER FOR PLAINTIFF TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN 45 DAYS |

Charles Cromer ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 3, 2015. (ECF No. 1). On January 28, 2016, Plaintiff filed an amended complaint (ECF No. 5), which awaits the Court's requisite screening.

On February 10, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 6), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On December 14, 2015, the Court issued an order requiring Plaintiff to either pay the filing fee for this action or submit an application to proceed *in forma pauperis* within 45 days of the date of service of the order.  (ECF No. 3).  The Court sent Plaintiff the Court's form application to proceed *in forma pauperis*, to complete and return to the Court.  (Id.).  The 45-day period expired, and Plaintiff had not paid the filing fee, submitted an application to proceed *in forma pauperis*, or otherwise responded to the Court's order.  Accordingly, the Court issued an order to show cause, requiring Plaintiff to show cause why the case should not be dismissed for Plaintiff's failure to obey the Court's order.  (ECF No. 7).

On June 17, 2016, Plaintiff filed a response to the order to show cause.  (ECF No. 8).  The response included a request for pro bono counsel, as well as an application to proceed *in forma pauperis*.

## I.   ORDER TO SHOW CAUSE

According to Plaintiff's response to the order to show cause, Plaintiff did not receive the Court's order requiring Plaintiff to either pay the filing fee or submit an application to proceed *in forma pauperis*.  (Id. at p. 1).  Plaintiff also submitted a completed *in forma pauperis* application.[1]  (Id. at pgs. 3-4).

Because Plaintiff has shown cause as to why the case should not be dismissed for Plaintiff's failure to obey the Court's order, the order to show cause shall be discharged.

## II.   MOTION FOR THE COURT TO REQUEST PRO BONO COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on reh'g en banc, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

---

[1] Although, as discussed below, Plaintiff used the wrong form.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.   In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." (Id.) (internal quotation marks and citations omitted).

Plaintiff argues that he needs counsel because he "is legally blind and without the means to obtain an attorney." (ECF No. 8, p. 2).  Blindness alone does not make Plaintiff's case exceptional under the Ninth Circuit's standards discussed above.  At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff filed an amended complaint on January 28, 2016 (ECF No. 5), but it has not yet been screened.  Moreover, based on the record in this case, the Court finds that Plaintiff can adequately articulate his claims and respond to Court orders.  Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for the Court to request pro bono counsel shall be denied, without prejudice.

### III.   APPLICATION TO PROCEED IN FORMA PAUPERIS

While it appears that Plaintiff has made the showing required by section 1915(a), Plaintiff submitted the wrong *in forma pauperis* application form.  Accordingly, Plaintiff will be sent a copy of the appropriate form, which he must return (completed and signed) within forty-five days.

### IV.   CONCLUSION

In accordance with the above and good cause appearing therefore, IT IS HEREBY ORDERED that:

1. The Court's order to show cause (ECF No. 7) is DISCHARGED;

2. Plaintiff's motion for appointment of counsel (ECF No. 8) is DENIED WITHOUT PREJUDICE;

3. Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) is DENIED

WITHOUT PREJUDICE;

4. The Clerk of the Court is directed to send Plaintiff an Application to Proceed In Forma Pauperis by a Prisoner.

5. Within forty-five (45) days of the date of service of this order, Plaintiff shall submit the application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $400.00 filing fee for this action. **No requests for extension will be granted. Failure to comply with this order will result in dismissal of this action.**

6. Within sixty (60) days of the date of service of this order, Plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, if Plaintiff has not already done so.

IT IS SO ORDERED.

Dated:   **November 2, 2016**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

4