1

2

3

4

5

6

7                                UNITED STATES DISTRICT COURT

8                                EASTERN DISTRICT OF CALIFORNIA

9

10   CHARLES EDWARD CROMER SR.,              1:15-cv-01810-EPG (PC)

11              Plaintiff,                   ORDER FINDING CERTAIN CLAIMS
                                             COGNIZABLE
12        v.
                                             ORDER FOR PLAINTIFF TO:
13   VICTOR CARREBELLO, et al,
                                                (1)  NOTIFY THE COURT THAT HE IS
14              Defendants.                           WILLING TO PROCEED ONLY ON
                                                     THE CLAIM AGAINST
15                                                   DEFENDANTS TREVINO, RAMOS,
                                                     SHEELA, AND HTAY FOR
16                                                   DELIBERATE INDIFFERENCE TO
                                                     SERIOUS MEDICAL NEEDS IN
17                                                   VIOLATION OF THE EIGHTH
                                                     AMENDMENT; OR
18
                                                (2)  FILE A SECOND AMENDED
19                                                   COMPLAINT; OR

20                                              (3)  NOTIFY THE COURT THAT HE
                                                     WISHES TO STAND ON HIS
21                                                   COMPLAINT, SUBJECT TO
                                                     DISMISSAL OF CLAIMS AND
22                                                   DEFENDANTS CONSISTENT
                                                     WITH THIS ORDER
23
                                             (ECF NO. 5)
24
                                             THIRTY DAY DEADLINE
25

26        Charles Edward Cromer Sr. ("Plaintiff") is proceeding *pro se* and *in forma pauperis*

27   with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint

28   commencing this action on December 3, 2015.  (ECF No. 1).  Plaintiff filed a First Amended

                                                1

Complaint on January 28, 2016, which is now before this Court for screening.  (ECF No. 5).[1]

Plaintiff alleges three unrelated claims regarding medical treatment.  The Court finds that Plaintiff's allegation that he failed to receive peritoneal dialysis can go forward against Defendants Trevino, Ramos, Sheela and Htay based on the allegations that Plaintiff required this care and those defendants refused such care without medical reason.  The Court does not find any other claim against any other defendants for the reasons discussed below.

Plaintiff now has three options.  Plaintiff may inform the Court that he is willing to go forward against those four defendants on the Eighth Amendment claim, in which case the Court will authorize service of the complaint.  Plaintiff may file a second amended complaint that includes additional allegations as to other claims or defendants, in which case the Court will screen that amended complaint in due course.  Or, Plaintiff may inform that Court that he wishes to stand on his current complaint, subject to dismissal of claims and defendants consistent with this order.

I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

---

[1]    On February 10, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 6), and no other parties have made an appearance.  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

1   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

3   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Plaintiff must set forth "sufficient

4   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Id.

5   (quoting Twombly, 550 U.S. at 570).   The mere possibility of misconduct falls short of meeting

6   this plausibility standard.   Id. at 679.   While a plaintiff's allegations are taken as true, courts

7   "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d

8   677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).   Additionally, a

9   plaintiff's legal conclusions are not accepted as true.   Iqbal, 556 U.S. at 678.

10        Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

11   pleadings drafted by lawyers."   Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

12   *pro se* complaints should continue to be liberally construed after Iqbal).

13   **II.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

14        Plaintiff alleges that on or about November 24, 2012, Plaintiff went to the emergency

15   room to have his peritoneal dialysis ("PD") site repaired.   After the repair Plaintiff went to the

16   dialysis center to have the PD lines flushed.   While flushing the lines, Plaintiff went into shock.

17   Paramedics were called and Plaintiff was taken back to the emergency room.   Plaintiff was

18   admitted into the hospital.   Minutes later, Plaintiff was arrested.   Defendant Dr. Victor

19   Carebello gave the detectives permission to remove Plaintiff.   No plan to receive PD was set by

20   Defendant Dr. Carebello.   The detectives took Plaintiff to be booked into jail.   While being

21   booked, Plaintiff became extremely ill.   Paramedics were called.   Plaintiff was taken back to

22   the emergency room.

23        Defendant Dr. Carebello put Plaintiff into the incompetent hands of untrained medical

24   staff who caused Plaintiff undue pain and suffering.   While attempting to dialyze Plaintiff, the

25   PD line was pulled out.   Plaintiff had to undergo emergency surgery.   As a result of Plaintiff

26   not being dialyzed, Plaintiff suffered a psychotic episode, which caused Plaintiff to hear voices

27   and see things that were not there.

28        Separately, on April 16, 2013, Angela Regaldo, RN, L.A. County Sheriff's Department

qualify management unit comprehensive care team, contacted Defendant Martha Trevino at Wasco State Prison and asked if Wasco could provide peritoneal dialysis for an inmate needing treatment four times a day.  Defendant Trevino assured Angela Regaldo that Wasco could provide peritoneal dialysis because Wasco has an onsite dialysis center.  On April 22, 2013, Plaintiff was transferred to Wasco.  Upon arrival, Plaintiff asked about PD treatment.  The intake nurse told Plaintiff that "Wasco nor does the CDCR [California Department of Corrections and Rehabilitation] provide PD treatment."  That night, Plaintiff was taken to the hospital, where surgery was offered to transform Plaintiff from PD to Hemodialysis.  Plaintiff refused the surgery because Plaintiff did not do well with the medications used during the surgery.  The Warden of Wasco, Defendant Michael Songer, and Defendant Trevino knew that the CDCR did not provide PD treatment before Plaintiff was accepted into Wasco.

On April 23, 2013, Plaintiff began to suffer complications due to not receiving daily PD.  On May 2, 2013, Plaintiff saw Defendant Dr. Bernard Ramos, who refused to order daily PD.  On May 3, 2013, Plaintiff suffered complications due to not receiving daily PD and had to be rushed out code I to the hospital.  This happened again later in May of 2013.  Defendants Brock Sheela and Soe Htay also refused to order daily PD.  Plaintiff alleges that this happened many times over the next few months—that Plaintiff suffered complications from lack of PD and yet doctors refused to give him daily PD treatment.

On July 31, 2013, Plaintiff suffered a deadly infection in his PD line as a result of it not being cleaned properly.

On August 9, 2013, Plaintiff again went to the hospital for complications related to not receiving daily PD.  He underwent some type of procedure related to complications from not receiving daily PD.

Plaintiff alleges that Defendants Carrebello, Songer, Varinasi, Trevino, Ramos, Htay, Brock, and the Wasco State prison warden ignored Plaintiff's rights and denied necessary care by withholding daily PD treatment.

Separate and apart from those incidents, Plaintiff appears to bring a claim against Defendant Kamson for intentional and negligent infliction of emotional distress by insisting on

performing a finger stick and insulin shot himself and yelling at Plaintiff "'you refuse, if you don't allow me to do it then you won't get.'"  On April 19, 2015, Defendant Kamson approached Plaintiff and again attempted to perform a finger stick and insulin shot.  When Plaintiff refused, Defendant Kamson once again became angry again and said "'you refuse, if I can't do it then you won't get it.'"  At that time, Plaintiff was holding a bowl of soup. Defendant Kamson filed a false rules violation report stating that Plaintiff attempted to assault him.  After presentation of evidence, it was determined that Defendant Kamson lied and falsified a state document.  Plaintiff submitted a claim to the Government Claims Board, who declined to act and authorized litigation.

Plaintiff attaches over 140 pages of exhibits.  Included is a report of required healthcare appliances that include "dialysis peritoneal."  (ECF No. 5, p. 15).  Plaintiff includes his own request for accommodation stating "Medical staff waits until I get sick, then and only then do they send me to the hospital. . . .I would like to receive []peritoneal dialysis treatment as ordered by Dr. Victor Carebello, Dr. Ahmed (Mercy Hospital) and Dr. Movin (Mercy Hospital)."   (ECF No. 5, p. 14).  Plaintiff also asserts in one of his forms that "Dr. V. Patel refused to supply me with the necessary means to get my treatment." (ECF No. 5, p. 17).  The records also show that Plaintiff received hemodialysis in lieu of PD.  (See ECF No. 5, pgs. 18 & 19).

### III.   ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.   Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

///

5

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citation and internal quotations marks omitted)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

**B.       Application to Plaintiff's First Amended Complaint**

Plaintiff's First Amended Complaint, construed liberally in favor of Plaintiff states a claim for deliberate indifference to serious medical needs regarding a failure to provide PD. Plaintiff submitted a medical chrono indicating that he requires PD. He also alleges that at least two medical doctors have said he needs PD. Plaintiff alleges substantial harm from not having PD.

From the notes of the grievance system, it appears that the prison is taking the position that hemodialysis is an acceptable alternative. It may be that in fact there is a merely a difference of medical opinion, rather than a deliberate indifference to serious medical needs. But Plaintiff's allegations amount to more than a difference of medical opinion in light of his

medical chrono from the CDCR and allegations that medical professionals prescribed PD specifically.

The Court must also determine if Plaintiff has asserted sufficient facts to hold the named defendants liable. Based on the allegations in the complaint, the Court will permit this claim to go forward against Defendant Martha Trevino, based on allegations that she lied regarding Wasco's ability to provide PD and her assurance that Plaintiff would receive such treatment, as well as Defendants Ramos, Sheela, and Htay, for failing to provide such treatment during relevant consultations. Admittedly, the reasons for their refusal to provide the treatment is not detailed in the complaint and it may be that individually they had sufficient medical basis to refuse the treatment. But at this stage in the case, given the allegations summarized above, Plaintiff has alleged sufficient facts to proceed against Defendants Trevino, Ramos, Sheela, and Htay for deliberate indifference to serious medical needs in violation of the Eighth Amendment for failing to provide PD despite medical orders.

The Court finds that Plaintiff's First Amended Complaint does not state a violation of the Eighth Amendment against any other defendant. Plaintiff's allegations regarding the November 24, 2012 incident, where it appears that Plaintiff was arrested after being admitted to a hospital, does not do so. Plaintiff alleges that Dr. Carebello should have done more to ensure his medical treatment at the next facility, but that allegation falls short of alleging that Dr. Carebello imposed cruel and unusual punishment in violation of the Eighth Amendment. Instead, it appears that Plaintiff received substandard medical care due to the transition between facilities, and not because Dr. Carebello was deliberately indifferent as that term is explained above.

### C. State Law Claims Against Defendant Kamson

Plaintiff asserts claims against Defendant Kamson for requiring that Defendant Kamson himself administer a finger stick and insulin shot on April 2 and 19, 2015.[2] Plaintiff's claim appears to be for "intentional infliction of emotional distress and negligent infliction of

---

[2] Notably, although Defendant Kamson filed a rules violation report against Plaintiff, the prison ruled in favor of Plaintiff and Plaintiff received no punishment or loss of liberty as a result of those charges.

1  emotional distress."[3]

2  Plaintiff's claims against Defendant Kamson are state law tort claims.  Plaintiff does not

3  allege that Defendant Kamson violated federal law or the U.S. Constitution.  Because this is a

4  Court of limited jurisdiction, the Court will dismiss these claims for lack of jurisdiction.  28

5  U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising

6  under the Constitution, laws, or treaties of the United States."); See, e.g., Keliihuluhulu v.

7  Strance, No. CV 16-00240 DKW RLP, 2016 WL 2930902, at *5 (D. Haw. May 19, 2016)

8  ("Plaintiff's grievances sounding in tort (*e.g.*, conversion, negligence, intentional infliction of

9  emotional distress, negligent infliction of emotional distress, and assault) are state law claims

10  that may be appropriately brought in Hawaii state courts. These claims may not, however, be

11  brought in federal court, absent a clearly-pled basis for federal jurisdiction.").

12  Nor is supplemental jurisdiction appropriate because the claim against Defendant

13  Kamson is not related to the claims regarding providing PD, discussed above.  28 U.S.C.A. §

14  1367 ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by

15  Federal statute, in any civil action of which the district courts have original jurisdiction, the

16  district courts shall have supplemental jurisdiction over all other claims that are so related to

17  claims in the action within such original jurisdiction that they form part of the same case or

18  controversy under Article III of the United States Constitution.").  If Plaintiff wishes to pursue

19  this claim, he should file a lawsuit in state court.

20  ///

21

22  [3] It is unclear exactly what this claim is for.  Despite instructions to the contrary, when told to check one box identifying the claim, Plaintiff checked multiple boxes.  Given that Plaintiff alleged that he
23  contacted the government claims board, it appears that Plaintiff is attempting to state a state law claim.  However, to the extent that Plaintiff is attempting to state a federal claim, the claim will be dismissed without prejudice.
24  While these allegations may state a federal claim, they are completely unrelated to the prior incidents.  The incident with Defendant Kamson incident occurred approximately two to three years after the prior incidents, and
25  involves a defendant that had nothing to do with the prior incidents.  There is no reason to include this claim in this case.  If Plaintiff wishes to bring a federal claim against Defendant Kamson he should file a separate case.
26  "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-
27  for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  K'napp v. California Dept. of Corrections, 2013
28  WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed.Appx. 791 (9th Cir. 2015) (internal quotations and citations omitted).

IV.    CONCLUSION

The Court has screened Plaintiff's First Amended Complaint and finds that it states a cognizable claim against Defendants Trevino, Ramos, Sheela, and Htay for deliberate indifference to serious medical needs in violation of the Eighth Amendment.   Except as identified above, the Court finds that the First Amended Complaint fails to state any other claims or claims against any other defendants.

Plaintiff can now proceed on these claims against these defendants, file an amended complaint, or stand on the current complaint subject to dismissal of claims and defendants consistent with this order.

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 9th Cir. 2002).   Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"   Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).   There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.   Id. at 676.   Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.   Jones, 297 F.3d at 934.   Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims.   Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights.   Plaintiff should also describe any harm he suffered as a result of the violation.   Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.   Once an amended complaint is filed, the original complaint no longer serves any function in the case.   Therefore, in an amended complaint, as in

an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.   The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

   a. Notify the Court in writing that he is willing to proceed against Defendants Trevino, Ramos, Sheela, and Htay for deliberate indifference to serious medical needs in violation of the Eighth Amendment;

   b. File a Second Amended Complaint; or

   c. Notify the Court in writing that he does not agree to go forward on only the claims found cognizable by this order or file an amended complaint, in which case the Court will dismiss the claims and defendants as stated in this order.

3.     Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:15-cv-01810-EPG (PC); and

4.     Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 6, 2017**          /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE

11