UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CROMER, | Case No. 1:15-cv-01810-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | (ECF NO. 29) |
| M. TREVINO, et al., | |
| Defendants. | |

Charles Cromer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 28, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 29).

Plaintiff asks for appointment of counsel because he is unable to afford counsel, because his imprisonment greatly limits his ability to litigate and investigate his case, because his case is complex, because the law library provides no assistance to Plaintiff, because an attorney would ensure that no frivolous motions are filed, because this case will likely involve conflicting testimony, because Plaintiff is legally blind, and because Plaintiff's multiple disabilities "severely prevent" him from litigating this action.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court still cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, based on the record in this case, it still appears that Plaintiff can adequately articulate his claims and respond to Court orders.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.[1]

IT IS SO ORDERED.

Dated: **June 30, 2017**   /s/ Erin P. Groj
UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that, in the alternative, Plaintiff requests that the Court appoint an expert witness to represent him. Plaintiff fails to explain why he needs an expert witness, and in any event, Plaintiff does not need to present evidence at this stage in the proceeding. Additionally, expert witnesses do not represent plaintiffs in court proceedings. Accordingly, this request is DENIED without prejudice.